In the Matter of JOHN H. WELLS, Petitioner, against NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.

Third Department, November 24, 1954.

*John T. DeGraff* and *John H. Wells,* in person, for petitioner.

*Nathaniel L. Goldstein, Attorney-General (George H. Roth-lauf* and *Wendell P. Brown* of counsel), for respondents.

ZELLER, J. On December 27, 1951, the petitioner, John H. Wells, applied to the Retirement System, pursuant to section 77 of the Civil Service Law, for a discontinued service retirement allowance effective January 1, 1952. The petitioner had been the City Judge of Ogdensburg since January 1, 1932, but was defeated for re-election on November 6, 1951. He was a member of the New York State Employees' Retirement System and had paid the required contributions for the years he served as City Judge and for four years prior thereto when he served as a member of the Board of Supervisors of St. Lawrence County. After preliminary proceedings, a hearing was held on the application and a final determination was made by the Comptroller which denied the petitioner's application for a discontinued service retirement allowance. The Comptroller found that the petitioner " forfeited the office of City Judge on the 3rd day of December, 1951, and became disqualified to hold such office or any other public office or public employment for a period of five years thereafter, as the result of his refusal to execute a waiver of immunity against subsequent criminal prosecution, and under the law he was discontinued from service in such office on the 3rd day of December, 1951, through fault or delinquency on his part, consisting of his refusal to execute the waiver ". This is an article 78 proceeding to review the Comptroller's determination.

Pursuant to an order of the Governor, an Extraordinary Special and Trial Term of the Supreme Court was convened in St. Lawrence County on October 30, 1951, for the primary purpose of investigating and prosecuting violations of any law relating to gambling, bribery, corruption or the administration of justice. On December 3, 1951, a proceeding was instituted before the Grand Jury to inquire into the conduct in office of the petitioner and the performance of his official duties. The petitioner, when called to give testimony in that proceeding, refused to sign a waiver of immunity against subsequent criminal prosecution and, because of his refusal, was not sworn and gave no testimony.

Section 6 of article I of the State Constitution provides, in part: "No person shall be subject to be twice put in jeopardy for the same offense; nor shall he be compelled in any criminal case to be a witness against himself, providing, that any public officer who, upon being called before a grand jury to testify concerning the conduct of his office or the performance of his official duties, refuses to sign a waiver of immunity against subsequent criminal prosecution, or to answer any relevant question concerning such matters before such grand jury, *shall by virtue of such refusal, be disqualified from holding any other public office or public employment for a period of five years, and* shall be removed from office by the appropriate authority or shall forfeit his office at the suit of the attorney-general." (The italicized clause was added by an amendment approved by the People on November 8, 1949.)

On December 6, 1951, an action was commenced by the Attorney-General of the State of New York, as plaintiff, against the petitioner herein, as defendant, to remove him from his office as City Judge of the City of Ogdensburg. On December 26, 1951, the defendant interposed his answer. On December 31, 1951, his term of office expired. On January 4, 1952, the defendant served an amended answer, as of course. On January 22, 1952, the plaintiff applied to the Extraordinary Special and Trial Term for an order, pursuant to rule 104 of the Rules of Civil Practice, striking out the defendant's amended answer upon the ground that it was sham and frivolous and granting the plaintiff judgment on the pleadings. An order was granted striking out the defendant's amended answer and directing that judgment be entered on the pleadings in favor of the plaintiff adjudging that the defendant be disqualified from holding any other public office or public employment for a period of five years from December 3, 1951, but denying the application of the plaintiff that the defendant forfeit his office of City Judge upon the ground that the issue had become moot. No appeal was taken from the order or the judgment entered thereon.

The applicable portions of the Civil Service Law provide:

"§ 77. *Discontinued service after twenty years.*

"a. Persons who last became members before April eighth, nineteen hundred forty-three.

"1. A person who last became a member before April eighth, nineteen hundred forty-three, and who is discontinued from service while a member, through no fault or delinquency on his part, may elect to receive his accumulated contributions or a retirement allowance pursuant to the provisions of paragraph

two, three, four or five of this subdivision a, as the case may be, if:

" (a) He shall have completed twenty years of total service, and

" (b) During the six months immediately preceding such discontinuance, he shall have been in paid service continuously, regularly and without interruption."

We are constrained to hold that the Comptroller's finding is unsupported by fact or law and that his determination should be annulled and the matter remitted for further proceedings not inconsistent with our views. In our opinion, the petitioner did not forfeit his office of City Judge on December 3, 1951, but left office on December 31, 1951, due to the expiration of his term of office through no fault or delinquency on his part. The provision of the Constitution hereinbefore quoted subjects to removal from office or forfeiture of office a public officer who, upon being called to testify before a grand jury concerning the conduct of his office or the performance of his official duties, refuses to sign a waiver of immunity against subsequent criminal prosecution or refuses to answer relevant questions. In addition, the provision places a disqualification upon such public officer by declaring him ineligible to hold any other public office or public employment for a period of five years. The two clauses of the provision are separable. The removal or forfeiture clause was written into section 6 of article I of the Constitution in 1938. The disqualification clause was added in 1949 to prevent a public officer, after resigning from office and while suit is pending by the Attorney-General to remove him because of his refusal to waive immunity, from being immediately appointed to another public office. (See *People* v. *Harris,* 294 N. Y. 424.)

The disqualification clause provides that " by virtue of such refusal," a public officer shall be ineligible to hold any *other* public office or public employment for a period of five years. The ineligibility dates from the moment of his refusal and *eo instanti* he is debarred from holding any *other* public office or public employment. The removal or forfeiture clause provides that a public officer who refuses to sign a waiver of immunity against subsequent criminal prosecution or to answer relevant questions when called to testify before a grand jury concerning the conduct of his office or the performance of his official duties " shall be removed from office by the appropriate authority or shall forfeit his office at the suit of the attorney-general ". The language of this clause was not changed by the 1949 amendment. The removal or forfeiture clause requires affirmative action by

the appropriate authority or by the Attorney-General. If this were not so, the public, before transacting business with, or appearing before, a public officer who had been called before a grand jury would need to determine whether he was called to testify concerning the conduct of his office or the performance of his official duties and whether he had refused to sign a waiver of immunity or had refused to answer relevant questions. Orderly governmental process requires that the determination of such matters be vested in appropriate authority or in the courts at the suit of the Attorney-General, as the Constitution provides.

In this instance, the petitioner was neither removed from his office of City Judge by appropriate authority nor did he forfeit his office at the suit of the Attorney-General. The suit instituted by the Attorney-General did not result in any judicial determination that the defendant forfeit his office. The order of the Extraordinary Special and Trial Term specifically denied the Attorney-General's application that the defendant forfeit his office. The petitioner was discontinued from public service at the expiration of his term of office by the will of the electorate and not by removal or forfeiture through fault or delinquency on his part.

The respondents strongly argue that a public officer, who has refused to sign a waiver of immunity against subsequent criminal prosecution when called before a grand jury concerning the conduct of his office or the performance of his official duties, should not be permitted a discontinued service retirement allowance. However, the courts are not at liberty to rewrite the statutes. The result we reach is in accord with what the Constitution and Civil Service Law seem to us to dictate.

BERGAN, J. P., COON, HALPERN and IMRIE, JJ., concur.

Determination annulled, with $50 costs and the matter remitted to the respondents for further proceedings not inconsistent with this opinion.