■ In the Matter of JOHN H. WELLS, Appellant, against NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.— Appeal from an order of a Special Term of the Supreme Court, Albany County. In 1954 petitioner instituted a proceeding against the New York State Employees' Retirement System and the State Comptroller to review a determination of the Comptroller denying his application for discontinued service retirement allowance. The determination was annulled by this court "and the matter remitted to the respondents for further proceedings not inconsistent" with the opinion of the court (*Matter of Wells* v. *New York State Retirement System*, 285 App. Div. 51, 55). The retirement allowances have been paid in pursuance of the decision of the court; but the Comptroller has refused to pay interest on the amounts thus paid because "the order of the Appellate Division, 3rd Department, did not provide for the payment of interest". The present proceeding in the nature of mandamus under article 78 of the Civil Practice Act was instituted in the Supreme Court to compel respondents to pay interest on the installments of retirement allowance. Assuming that the Appellate Division had the power to allow interest if specific amounts had been awarded by its decision, or were calculable from its decision, it did not do so. It merely reversed the respondents' determination without any specific award or direction as to what money should be paid petitioner. Such a general remission to the respondents for further proceedings is not a final order in a special proceeding which awards "any sum of money" within section 480 of the Civil Practice Act read in connection with section 1306. It is to such a "sum of money" that interest attaches as a matter of right. But even in such a case it may be doubted that a party respondent would be required in the absence of judicial direction for the calculation into the order of interest to "be recovered" (Civ. Prac. Act, § 480), to pay interest accumulated prior to the adjudication. Therefore, the respondents may not be compelled by mandamus at Special Term to add interest where the order under which they have been compelled to reconsider a determination does not in itself provide for payment of interest. The proceeding here maintained to compel payment of interest must rest on showing a clear duty on the part of the respondents to pay it under the order which required them to reconsider their administrative determination. We do no more now than to hold that no such clear legal duty resting on the procedural statutes cited and relied on has been demonstrated. We do not pass upon what may be the effect of an action for recovery of interest; or of the appropriate application to amend the order in the prior proceeding to direct the payment of a specific sum or sums of money and interest thereon. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ.