■ WALTER RAPLEE, Respondent, v. MILDRED A. PIPER, Appellant.— Motion for reargument, or in the alternative, for permission to appeal to the Court of Appeals denied, without costs. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ. [See *ante*, p. 732.]

■ In the Matter of ROBERT GINSBURG, Doing Business as WALGROVE FARMS, Petitioner, against DANIEL J. CAREY, as Commissioner of Agriculture and Markets of the State of New York, Respondent.— Motion for reargument, or in the alternative, for permission to appeal to the Court of Appeals denied, with $10 costs. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ. [See *ante*, p. 733.]

■ In the Matter of JOHN H. WELLS, Appellant, against NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.— Motion to amend an order of this court entered in this proceeding on November 29, 1954 to expressly direct the defendants to pay petitioner a monthly retirement allowance in the sum of $55.97 commencing January 1, 1952 and to pay interest on each such monthly installment from the date it became due to the date of payment thereof. Petitioner applied on December 27, 1951 for a discontinued service retirement allowance. The Comptroller denied the application on the ground that petitioner was discontinued from service on December 3, 1951 through fault or delinquency on his part. Thereafter, petitioner commenced an article 78 proceeding which was transferred to this court for decision. In our opinion we stated that petitioner had not been discontinued from service on December 3, 1951 but left office on December 31, 1951 due to the expiration of his term. (285 App. Div. 51.) We annulled the determination of the Comptroller and remitted the matter for further proceedings. An order was entered on our decision on November 29, 1954 and on January 19, 1955, respondents sent petitioner a check for the sum of $2,014.92 representing the retirement allowance to which he was entitled from January 1, 1952 to January 1, 1955. Petitioner negotiated the check. On April 6, 1955, petitioner instituted a second article 78 proceeding by which he sought to compel respondents to pay interest to January 19, 1955 on the monthly installments withheld. His application was denied by Special Term and on appeal we affirmed. (*Matter of Wells* v. *New York State Employees Retirement System*, 2 A D 2d 787.) In our memorandum we said: "We do no more than to hold that no such clear legal duty resting on the procedural statutes cited and relied on has been demonstrated. We do not pass upon what may be the effect of an action for recovery of interest; or of the appropriate application to amend the order in the prior proceeding to direct the payment of a specific sum or sums of money and interest thereon". Petitioner then instituted this motion to amend our previous order. In his application in which he sought to annul the Comptroller's determination that he was not entitled to a discontinued service retirement allowance, petitioner did not request this court to award him any sum of money or to direct the Comptroller to pay him a retirement allowance in any stated sum. Petitioner requested this court to set aside the determination of the Comptroller and direct the payment of the retirement allowance " to which he is entitled pursuant to section 77 of the Civil Service Law ". Petitioner did not by his verified petition or in his briefs specifically request an allowance of interest on any unpaid installments. When the Comptroller remitted the installments due, petitioner indorsed and cashed the check without protesting that it did not include interest. In view of petitioner's acceptance of the Comptroller's check without protest, petitioner is not now in a position to obtain the amendment of the order which he seeks. We do not pass upon the question whether interest under any circumstances would be allowed in a case of this nature. Motion denied, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.