In the Matter of REUBEN R. GORDON, Petitioner, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.

Supreme Court, Special Term, Kings County, October 11, 1966.

*Reuben R. Gordon,* in person, and *John J. Turvey* for petitioner. *J. Lee Rankin, Corporation Counsel,* for respondents.

MURRAY T. FEIDEN, J. In this proceeding under article 78 of the CPLR the Appellate Division, Second Department, by its

order of June 6, 1966, reversed the judgment of Supreme Court, Kings County, which dismissed the petition and remanded the matter to Special Term. (26 A D 2d 545.) Said order provided: "ORDERED that the judgment entered March 9, 1965 insofar as appealed from is hereby unanimously reversed on the law, with costs, petition granted and proceeding remitted to the Special Term, Supreme Court, Kings County, for further proceedings not inconsistent with the said opinion and decision slips and for the making of a judgment restoring petitioner to his position and directing that he be paid his full salary for the period following the effective date of his suspension."

On July 6, 1966, the Appellate Division (26 A D 2d 686) amended its decision and order as follows: "The said amended decision of June 6, 1966 and the order thereon are further amended to provide with respect to the reversal of the judgment entered March 9, 1965 and with respect to the remission to the Special Term, that upon such remission the petitioner shall be accorded full pay for the period fixed in said amended decision and said order of this court, less the amount of compensation which he earned in any other employment or occupation during said period."

Upon a motion by the attorney of record for petitioner to fix his lien for services rendered, the respondents have cross-moved this court to determine the amount of back pay to be awarded to the petitioner.

In a hearing conducted by this court the testimony of the petitioner established, without contradiction, that he did not receive any earnings from other employment during the period of his suspension and discharge by the Board of Education. The respondents are prepared to reimburse him for the full amount of salary payable to him during said period which amounts to $28,897.78.

The petitioner and his attorney assert that interest is payable on the judgment from the date various pay checks were due to the petitioner. The respondents contend that interest may not be included in the judgment since the Appellate Division orders did not make any provision therefor.

The petitioner relies upon CPLR 5001 (subd. [a]) and seeks to bring himself within the provisions of said statute. The right to interest is purely statutory and in derogation of the common law and it cannot be extended beyond the statutory regulations or limitations (47 C. J. S., § 21, p. 33). CPLR 5001 (subd. [a]) provides for interest where a sum is awarded because of a breach of contract or where an act or omission deprives or otherwise

interferes with title to possession or enjoyment of property. When this section talks of "property" it obviously does not refer to a salary situation. It is argued by petitioner that the article 78 proceeding is in reality a breach of contract proceeding against the Board of Education for violation of petitioner's tenure rights. The court cannot agree with this contention.

CPLR 7806 pertaining to judgments in an article 78 proceeding clearly indicates that any restitution or damages granted to a petitioner is merely incidental to the primary relief sought by the petitioner, which, in this case, was reinstatement. Petitioner had no cause of action for back pay independent of his article 78 proceeding and could not maintain any action therefor until he had proved his right to reinstatement (*Austin* v. *Board of Higher Educ.,* 5 N Y 2d 430, 443). The basis of petitioner's right to back pay is found in subdivision 7 of section 2573 of the Education Law wherein it is provided that upon acquittal of any charges the accused be reinstated with full pay. This cannot be construed as a cause of action for breach of contract so as to invoke the mandatory interest provisions of CPLR 5001 (subd. [a]). (See *Supreme Ct. Uniformed Officers Assn.* v. *McCoy,* U. S. Dist. Ct., So. D. N. Y., decided Sept. 12, 1966, holding that civil service employment in this State is not contractual in nature.

The parties herein have not cited any cases which are precisely in point. However, a case in another jurisdiction which is in point substantiates the respondents' position. In *Nilsson* v. *State Personnel Bd.* (36 Cal. App. 2d 186), it was held that there is a clear distinction between a money judgment entered in a civil action and a judgment rendered in a special mandamus proceeding which is an independent proceeding to compel the performance of an official act which the law enjoins or to compel the admission of a party to the enjoyment of a right or office to which he is entitled. It has none of the characteristics or functions of a civil action for the collection of a debt. It was therefore decided that the adjudication in a mandamus proceeding ordering payment to an improperly dismissed State civil service employee of salary during the period between dismissal and reinstatement was not a money judgment and therefore not such a judgment as would bear interest.

The respondents have called the attention of this court to *Matter of Wells* v. *New York State Employees' Retirement System* (2 A D 2d 787) wherein the petitioner had brought a proceeding to review a determination of the Comptroller denying his application for a discontinued service retirement allow-

ance. The determination was annulled and the matter remitted to respondents for further proceedings not inconsistent with the opinion of the court in 285 App. Div. 51. The retirement allowance was paid without interest and the petitioner thereupon sought an order in the nature of mandamus to compel payment thereof. The Appellate Division affirmed the dismissal of such petition pointing out that even if the Appellate Division had the power to allow interest it did not do so and that in the absence of a judicial direction for interest petitioner was not entitled to same.

It may be argued that in the *Wells* case there was a general remission without the specific provision in the Appellate Division's order which we have in the instant case which directed that petitioner be paid his full salary for the period following the effective date of his suspension. However, an examination of the main opinion in the *Wells* case (285 App. Div. 51, *supra*), shows that the remission under the circumstances of that case, although general in form, was, in substance, tantamount to a direction to pay petitioner his back salary. It is also to be noted that following the decision in 2 A D 2d 787, the petitioner subsequently moved to amend the Appellate Division order to expressly direct payment of interest (2 A D 2d 824). The court, noting that the petitioner did not by his verified petition specifically request an allowance for interest (which is the situation in the instant case) and that he had cashed a check without protest, denied the motion.

With respect to the issue of fact as to whether petitioner's attorney was to receive one third of the entire recovery or only one third of petitioner's salary for one year, the court credits the testimony of petitioner's attorney that he was to receive one third of the entire recovery. Under their arrangement, petitioner is entitled to a credit of $750 previously paid by the petitioner to his attorney.