■ In the Matter of IRVING BRODSKY et al., Appellants, v. JOSEPH H. MURPHY et al., Constituting the State Tax Commission, Respondents.— GABRIELLI, J. Appeal from a judgment of the Supreme Court at Special Term, entered March 19, 1968 in Albany County, which conditionally dismissed petitioners' application for a judgment requiring respondents to issue an order directing the City Register of the City of New York to refund certain moneys with interest. In a prior application petitioners instituted a proceeding under article 78 of the CPLR to annul a determination of the respondents which confirmed the imposition of a mortgage recording tax by the City Register of the City of New York. This court, finding that the instrument in question was not a new indebtedness, held (26 A D 2d 225) that the determination of the State Tax Commission be annulled and further " Ordered that the matter be and hereby is remitted to the State Tax Commission of the State of New York for further proceedings in accordance with the opinion of this

Court ". This order was affirmed without opinion (20 N Y 2d 828), with the remittitur directing the Supreme Court of Albany County to proceed upon the decision of the court " according to law ". On December 27, 1967 the respondents issued an order directing the City Register to refund the mortgage tax moneys, with no mention of interest. Petitioners now request that respondents be directed to order the City Register to refund the moneys *with interest,* the primary issue on this appeal is the correctness of Special Term's refusal to direct interest be added. Respondents' contention that it has no authority to make any such direction is ill-founded. Local recording officers are, in this respect, agents of the State and their actions are subject to review by the respondents (*Matter of City of New York* v. *New York Univ.,* 3 A D 2d 954, mot. for lv. to app. den. 4 A D 2d 844). Nor was it necessary to make the City Register a party to the present proceeding. However, respondents correctly argue that the present proceeding is improper as it seeks to alter a previous order of this court which made no provision for the payment of interest and in support therefor have cited *Matter of Wells* v. *New York State Employees' Retirement System* (2 A D 2d 787). There we annulled a determination of the Comptroller which disallowed a retirement allowance and, as here, remitted the matter for further proceedings. In that case, the petitioner commenced a second article 78 proceeding to require the Comptroller to add interest to the payment to be made. We affirmed Special Term's denial and stated: " [T]he respondents may not be compelled by mandamus at Special Term to add interest where the order under which they have been compelled to reconsider a determination does not in itself provide for payment of interest. The proceeding here maintained to compel payment of interest must rest on showing a clear duty on the part of the respondents to pay it under the order which required them to reconsider their administrative determination." And we further added that: " We do not pass upon what may be the effect of any action for recovery of interest; or of the appropriate application to amend the order in the prior proceeding to direct the payment of a specific sum or sums of money and interest thereon." The present proceeding, being in the nature of mandamus, must rest on the showing of the violation of a clear duty on the part of the respondents to pay interest *under the order* which required them to reconsider their prior determination. While there may be some merit to petitioners' main contention, we are not permitted to now pass upon the question of the inclusion of interest in the payment to be made, reserving that to the time an appropriate and proper application therefor is made to amend the order of this court. Upon such an application the City of New York should be given notice and afforded an opportunity to intervene should it be so advised. We do not pass upon the merits. Additionally, any application to be made by petitioner should follow the procedure outlined in *Matter of Craig* (218 N. Y. 729) and *Murray Oil Prods. Co.* v. *Royal Exchange Assur. Co.* (29 A D 2d 935). Judgment affirmed, without costs, and without prejudice to a proper application to amend the order of this court. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gabrielli, J.