[833 NE2d 252, 800 NYS2d 109]

In the Matter of JAKE BELLO, Ph.D., et al., Respondents, v ROS-
WELL PARK CANCER INSTITUTE et al., Appellants.

Argued June 1, 2005; decided June 29, 2005

### POINTS OF COUNSEL

*Eliot Spitzer, Attorney General,* Albany (*Robert M. Goldfarb, Caitlin J. Halligan, Daniel Smirlock* and *Wayne L. Benjamin* of counsel), for appellants. I. A reinstated state civil service employee is not entitled to predecision interest on a back pay award recovered under Civil Service Law § 77 as damages incidental to a judgment in a CPLR article 78 proceeding annulling his or her termination from employment. (*Matter of Meloni v Goord,* 267 AD2d 977, 94 NY2d 944; *Matter of Transit Cas. Co.,* 223 AD2d 488; *Rust v Reyer,* 91 NY2d 355; *Morris v Snappy Car Rental,* 84 NY2d 21; *Juarez v Wavecrest Mgt. Team,* 88 NY2d 628; *Brown v State of New York,* 89 NY2d 172; *Sharapata v Town of Islip,* 56 NY2d 332; *Krohn v New York City Police Dept.,* 2 NY3d 329; *Matter of Lehigh Val. R.R. Co. v Joseph,* 281 App Div 57, 305 NY 853; *Library of Congress v Shaw,* 478 US 310.) II. Any change in the law to authorize predecision interest on such awards must be effected legislatively. (*Rupert v Sellers,* 50 NY2d 881, 449 US 901; *Purcell v Long Is. Daily Press Publ. Co.,* 9 NY2d 255.)

*Offermann, Cassano, Greco, Slisz & Adams, LLP,* Buffalo (*Josephine A. Greco* and *Kevin P. Wicka* of counsel), for respondents. The Appellate Division properly affirmed the trial court's granting of predecision interest on the respective awards of back pay. (*Matter of Della Vecchia v Town of N. Hempstead,* 207 AD2d 483; *Matter of Boylan v Town of Yorktown,* 179 AD2d 753; *Matter of Sharkey v Police Dept. of Town of S. Hampton,* 179 AD2d 655; *Matter of Kohler v Board of Educ., S. Huntington Union Free School Dist.,* 142 AD2d 676; *Buric v Safir,* 4 AD3d 160; *Harvey v State of New York,* 281 AD2d 846; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106; *Matter of Lombardi v Supreme Ct. of State of N.Y.,* 20 NY2d 690; *Matter of Caruthers,* 158 NY 131; *Racine v Morris,* 201 NY 240.)

### OPINION OF THE COURT

R.S. SMITH, J.

We hold that an award of back pay pursuant to Civil Service Law § 77 may not include predecision interest.

### Facts and Procedural History

Petitioners are research scientists who were laid off by the Roswell Park Cancer Institute (RPCI), a state institute under the management and control of the Department of Health. They brought a CPLR article 78 proceeding against RPCI, the Department, and several other state agencies and officials (collectively, the State), challenging the layoffs. Supreme Court held that the layoffs were unlawful and that petitioners were entitled to back pay with interest on each installment "from the date it was incurred, if such designation is possible or from a single reasonable intermediate date."

The Appellate Division modified Supreme Court's judgment in a way not relevant here, and otherwise affirmed. The State appeals, pursuant to leave granted by this Court, challenging only the predecision interest award. We now reverse the Appellate Division's order insofar as it is appealed from.

### Discussion

Prejudgment or predecision interest generally was not available at common law (*see Monessen Southwestern R. Co. v Morgan*, 486 US 330, 337 [1988]). Before the adoption of the Civil Practice Law and Rules, interest was allowed in New York in certain kinds of cases, sometimes without statutory authority (*see* former Civ Prac Act § 480; *Flamm v Noble*, 296 NY 262 [1947]; *Wilson v City of Troy*, 135 NY 96 [1892]), but today interest is purely a creature of statute (*see* CPLR 5001; *Matter of Meloni v Goord*, 267 AD2d 977, 978 [4th Dept 1999]). The controlling statute in this case is Civil Service Law § 77, which provides:

> "Any officer or employee who is removed from a position in the service of the state or of any civil division thereof in violation of the provisions of this chapter, and who thereafter is restored to such position by order of the supreme court, shall be entitled to receive and shall receive from the state or such civil division, as the case may be, the salary or compensation which he would have been entitled by law to have received in such position but for such unlawful removal, from the date of such unlawful

removal to the date of such restoration, less the amount of any unemployment insurance benefits he may have received during such period. Such officer or employee shall be entitled to a court order to enforce the payment of such salary or compensation."

The State argues that interest is unavailable in this case because section 77 makes no mention of it. Petitioners argue that a right to interest is implicit in the statute's reference to "compensation"; they say that a claimant who is deprived for a period of time of money that he or she is entitled to cannot be fully compensated unless interest is awarded. We agree with the State, and reject petitioners' argument.

The statute does not just create a general right to "compensation"; it is specific about what a claimant "shall be entitled to receive." It speaks of "salary *or* compensation"—indicating that "compensation" refers to bonuses or other nonsalary forms of payment. It provides for the deduction of unemployment insurance benefits. Until 1985, it also provided for deduction of "compensation which [the reinstated employee] may have earned in any other employment or occupation" (Civil Service Law former § 77), thus adopting the common-law "mitigation of damages" rule. When the statute was amended to eliminate the mitigation requirement, the amendment did not contain any provision for interest. We conclude that a legislature giving such careful attention to the components of a back pay award would have added the words "with interest" if it had intended interest to be awarded.

In interpreting section 77, we give some weight to the fact that it provides for recoveries against "the state" as well as "any civil division thereof." To the extent that it allows recovery against the State, the statute waives the State's sovereign immunity. Such waivers are to be strictly construed, "waiver of immunity by inference being disfavored." (*Sharapata v Town of Islip*, 56 NY2d 332, 336 [1982]; *see Krohn v New York City Police Dept.*, 2 NY3d 329, 338 [2004].) This rule reinforces our reluctance to find an implicit provision for interest in a statute that makes no mention of it.

Petitioners argue that it is unfair to deny them interest on money that has been wrongly withheld from them. There is force in this argument, but we may not rewrite the statute to achieve more "fairness" than the Legislature chose to enact. The Legislature did not have to permit recovery of back pay at

all; nor did it have to eliminate the mitigation requirement—a feature of the statute that will, in some cases, give wrongly terminated employees a substantial windfall. Having allowed for back pay, and having eliminated the requirement of mitigation, the Legislature did no more.

Finally, petitioners argue that they are entitled to interest under CPLR 5001 (a), which says: "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property." We find this argument to be without merit. Petitioners are not suing for breach of contract or for injury to or interference with any property. They are suing to enforce the right to back pay given to them by Civil Service Law § 77, and that statute does not provide for predecision interest.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the case remitted to Supreme Court with directions to delete the award of predecision interest.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

Order, insofar as appealed from, reversed, etc.