In the Matter of DOROTHY LEARY, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Respondent. [872 NYS2d 554]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated June 9, 2006, which denied

the petitioner's application for disability retirement, the petitioner appeals from a judgment of the Supreme Court, Kings County (Saitta, J.), dated December 27, 2007, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the matter is remitted to the Board of Trustees of the New York City Employees' Retirement System for further proceedings consistent herewith.

On or about August 19, 2002 the petitioner Dorothy Leary became employed by the New York City Department of Health and Mental Hygiene as a part-time junior public health nurse. On January 9, 2003 at approximately 7:18 A.M. the petitioner slipped, stumbled, and injured her left knee while descending a staircase inside Public School 173 in the Bronx, the school to which she was assigned. According to the petitioner, she had just arrived at the school, entered the school building through the front vestibule, and entered the stairwell to go downstairs to the basement where her medical office was located.

In all of the accounts given by the petitioner regarding the incident, including her New York City workers' compensation claim form C-2, her application for disability retirement benefits, and her statements to the respondent, New York City Employees' Retirement System, including her interview upon its review of the denial of her application by the Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board), the petitioner consistently reported that she slipped and stumbled on the stairs because her shoes were wet from the snowy and wet condition of the ground outside the school building. The respondent did not refute that there was snow on the ground outside the school building. Due to the injuries she sustained to her left knee, the petitioner applied, on or about March 1, 2005, for disability retirement benefits from the respondent.

The Medical Board determined that the petitioner was disabled from performing her duties as a junior public health nurse, but recommended that her application for disability retirement benefits be denied on the ground that she failed to establish that her injuries were sustained as the result of an accident within the meaning of Retirement and Social Security Law § 605. This recommendation ultimately was adopted by the respondent on June 9, 2006, following the petitioner's administrative appeal. The petitioner then commenced this CPLR article 78 proceeding seeking to annul that determination. The Supreme Court denied the petition and dismissed the proceeding. We reverse.

The petitioner did not have 10 years of service credit at the time of her application for disability retirement benefits and, therefore, was required to demonstrate that her physical incapacitation was "the natural and proximate result of an accident not caused by h[er] own willful negligence sustained in the performance of h[er] duties" (Retirement and Social Security Law § 605 [b] [3]). An accident is a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982], quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]). Further, "an injury which occurs without an unexpected event as the result of an act undertaken in the performance of ordinary employment duties is not an accidental injury" (*Matter of Smith v New York State & Local Retirement Sys.*, 199 AD2d 763, 764-765 [1993]).

The petitioner's account of the incident underlying her application was that she slipped due to the wet condition of her shoes from the snow she brought in from outside the school building. This was not an act undertaken in the performance of the petitioner's ordinary employment duties but rather a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact. Moreover, in light of the unrefuted credible evidence, the respondent could not have rationally concluded that the petitioner's injuries were sustained as a result of anything other than an accident within the meaning of the governing authorities (*see Matter of Starnella v Bratton*, 92 NY2d 836, 839 [1998]; *Matter of McCambridge v McGuire*, 62 NY2d 563 [1984]; *cf. Matter of Fragale v D'Alessandro*, 55 AD3d 607 [2008]; *Matter of Lisa v McCall*, 234 AD2d 703 [1996]).

Accordingly, the Supreme Court should have granted the petition and annulled the respondent's determination. Rivera, J.P., Miller, Carni and McCarthy, JJ., concur.