■ In the Matter of DOROTHY LEARY, Respondent, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Appellant. [925 NYS2d 600]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Employees' Retirement System dated June 3, 2009, which denied the petitioner's request for the payment of prejudgment interest on the retroactive disability retirement award to which she was found entitled by this Court in an earlier proceeding (*see Matter of Leary v New York City Employees' Retirement Sys.*, 59 AD3d 547 [2009]), the New York City Employees' Retirement System appeals from a judgment of the Supreme Court, Kings County (Martin, J.), dated July 13, 2010, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

On January 9, 2003, the petitioner, employed as a part-time

junior public health nurse by the New York City Department of Health and Mental Hygiene, slipped, stumbled, and injured her left knee while descending a staircase inside the public school where she was assigned. In June 2006 the Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board) denied the petitioner's application for disability retirement benefits on the ground that she failed to establish that her injuries were sustained as the result of an accident within the meaning of Retirement and Social Security Law § 605. The petitioner commenced a CPLR article 78 proceeding in the Supreme Court, Kings County, seeking to review that determination. The Supreme Court denied the petition and dismissed the proceeding. In a decision and order dated February 10, 2009, this Court reversed the judgment, granted the petition, and remitted the matter to the Board for further proceedings consistent with the decision and order (see Matter of Leary v New York City Employees' Retirement Sys., 59 AD3d 547 [2009]). In May 2009 the Board approved the petitioners' application for disability retirement benefits, retroactive to April 2005. Thereafter, the petitioner requested the payment of interest on her retroactive disability retirement benefits. On June 3, 2009, the request was denied.

In October 2009 the petitioner commenced this CPLR article 78 proceeding seeking to review the June 3, 2009, denial of her request for an award of interest on her retroactive disability retirement benefits. The Supreme Court granted the petition, annulled the determination, and directed the payment of interest on the retroactive award of benefits. We reverse.

"Prejudgment or predecision interest generally was not available at common law" (Matter of Bello v Roswell Park Cancer Inst., 5 NY3d 170, 172 [2005]). Today, "[i]nterest awards in New York are 'purely a creature of statute' " (Manufacturer's & Traders Trust Co. v Reliance Ins. Co., 8 NY3d 583, 588 [2007], quoting Matter of Bello v Roswell Park Cancer Inst., 5 NY3d at 172). The purpose of an interest award is not punitive, but instead indemnifies an aggrieved person and represents the cost of having the use of the aggrieved person's money for a certain period of time (see Grobman v Chernoff, 15 NY3d 525, 529 [2010]; Mohassel v Fenwick, 5 NY3d 44, 51-52 [2005]; Love v State of New York, 78 NY2d 540, 544 [1991]).

Here, the petitioner seeks an award of interest pursuant to CPLR 5001 (a), which provides, in relevant part, that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract." However, the petitioner did not seek to recover damages for breach of contract, but instead

sought the payment of disability retirement benefits pursuant to Retirement and Social Security Law § 605. She prevailed when this Court granted her first CPLR article 78 petition, and remitted the matter to the appellant for further proceedings. This Court neither awarded the petitoner a specific amount nor directed the payment of interest. Therefore, the petitioner is not entitled to an award of interest pursuant to CPLR 5001 (a) (*see Matter of Brodsky v Murphy*, 30 AD2d 904, 905 [1968]; *Matter of Wells v New York State Employees' Retirement Sys.*, 2 AD2d 787 [1956]). Moreover, Retirement and Social Security Law § 605 contains no provision allowing for the payment of interest on retroactive disability retirement awards. Accordingly, the petitioner has no statutory or contractual right to interest (*see Matter of Levanis v New York City Employees' Retirement Sys.*, 278 AD2d 327 [2000]).

While awards of prejudgment or predecision interest have been permitted on back pay awards in employment discrimination cases, despite the absence from the Human Rights Law (Executive Law art 15) of any provision for the payment of interest, interest was awarded in those cases for the express purpose of fully compensating the victims of discrimination (*see Matter of Aurecchione v New York State Div. of Human Rights*, 98 NY2d 21 [2002]; *Matter of Argyle Realty Assoc. v New York State Div. of Human Rights*, 65 AD3d 273, 285-286 [2009]; *Jattan v Queens Coll. of City Univ. of N.Y.*, 64 AD3d 540, 542 [2009]). Here, the petitioner was not a victim of discrimination or of any wrongful act by the Board, but simply received an adverse administrative determination when the Board denied her initial application for disability retirement benefits. She pursued her legal remedies, ultimately prevailed, and the Board ultimately approved her application for disability retirement benefits, including an award of retroactive benefits. Under these circumstances, an award of interest is not justified (*see Matter of Bello v Roswell Park Cancer Inst.*, 5 NY3d 170 [2005]).

The petitioner's remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Balkin, Belen and Sgroi, JJ., concur.