Plaintiff, a Canadian citizen, was stationed in Dubai while employed by defendant from 2000 to 2002. This action stems from defendant’s withholding of hypothetical taxes from plaintiffs wages for the purpose of covering potential domestic tax liability. In January 2009, defendant paid plaintiff the entire amount that had been withheld for the years involved. Without invoking any statutory authority, plaintiff brought this action in March 2010 to recover what he describes as “statutory interest” for the period his wages had been partially withheld. Defendant moved to dismiss the complaint on grounds that included failure to state a cause of action and the expiration of *515 the statute of limitations. The court initially denied the motion but granted it upon reargument.
The complaint does not state a cause of action because it sets forth no contractual or statutory basis upon which plaintiff can recover interest. The obligation to pay interest on a debt is not implied as a matter of law (New York State Thruway Auth. v Hurd, 25 NY2d 150, 158 [1969]). Consistently, this Court has held that “[a]s a general rule, interest is allowed only when provided for by contract, express or implied, or by statute, or when, as damages, it becomes due after a default by the person liable for payment” (Rachlin & Co. v Tra-Mar, Inc., 33 AD2d 370, 373 [1970] [internal quotation marks omitted]). More recently, the Court of Appeals again addressed the subject of prejudgment or predecision interest, finding it to be “purely a creature of statute” (Matter of Bello v Roswell Park Cancer Inst., 5 NY3d 170, 172 [2005]). Because plaintiff did not allege the existence of a statutory or contractual basis for defendant’s payment of interest, the complaint was correctly dismissed.
Plaintiffs contract claim would have nevertheless been time-barred even assuming a basis for the recovery of interest from 2002 existed (see CPLR 213 [2]). We are not persuaded by plaintiffs argument that pursuant to General Obligations Law § 17-101, the statute of limitations was revived by defendant’s January 2009 written acknowledgment of its otherwise time-barred debt to plaintiff. The writing plaintiff relies upon makes no mention of interest or an obligation to pay interest. In order to constitute an acknowledgment under the statute, a writing must recognize an existing debt (Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521 [1976]). We have considered plaintiffs remaining arguments and find them unavailing. Concur — Saxe, J.P., Renwick, DeGrasse and Richter, JJ.