**Moore v Board of Educ. of the City Sch. Dist. of the City of N.Y.**

2024 NY Slip Op 31491(U)

April 25, 2024

Supreme Court, New York County

Docket Number: Index No. 160087/2020

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. DEBRA A. JAMES**       PART   59

*Justice*

--------------------------------------------------------------------------------X

JOMANI MOORE,

             Petitioner,

For a Judgment pursuant to Article 78 of the Civil Practice
Laws and Rules,

             - v -

BOARD OF EDUCATION of the CITY SCHOOL DISTRICT
of the CITY OF NEW YORK, and RICHARD A. CARRANZA,
in his official capacity as CHANCELLOR of the  CITY
SCHOOL DISTRICT of the CITY OF NEW YORK,

             Respondents.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160087/2020 |
| MOTION DATE | 10/25/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 9, 10, 13, 14, 15,
16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 30, 32, 33, 34, 35

were read on this motion to/for         ARTICLE 78 (BODY OR OFFICER)     .

## ORDER

Upon the foregoing documents, it is

ORDERED and ADJUDGED that the petition of JOMANI MOORE,
pursuant to CPLR Article 78, is GRANTED in part, to the extent
that petitioner is entitled to recover 23 days' salary from
respondents; and it is further

ORDERED to the extent that the petition seeks attorneys' fees
and interest, such application is denied and dismissed (see Bello
v Roswell Park Cancer Institute, 5 NY3d 170 [2005]); and it is
further

**160087/2020   MOORE, JOMANI vs. CITY SCHOOL DISTRICT OF THE**
Motion No.  001

**Page 1 of 4**

1 of 4

ORDERED that this matter is remanded to respondents for the calculation of an award of 23 days' salary to petitioner, which respondents shall pay petitioner, forthwith.

## DECISION

Petitioner Jomani Moore ("Moore"), a probationary teacher, commenced this proceeding against the respondents Board of Education of the City School District of the City of New York, and Richard A. Carranza, in his official capacity as Chancellor of the City School District of the City of New York (collectively, the "Board",) seeking an award of salary for 30 days due to the Board's violation of the 30-day requirement set forth in Education Law § 3019.

"Education Law § 3019-a requires school authorities to give probationary teachers written notice of termination at least 30 days before the effective date of termination." Matter of Vetter v Bd. of Educ., 14 NY3d 729, 731 (2010).

On June 22, 2020, the Board, by its District 75 Superintendent, notified petitioner that

> "This is to inform you that on June 22, 2020, I will review and consider whether your services as a probationer be discontinued as of the close of business July 22, 2020.
> * * *
> [Y]ou may submit a written response to the reasons no later than seven (7) days prior to the date of my consideration and final determination of your Discontinuance."

**160087/2020   MOORE, JOMANI vs. CITY SCHOOL DISTRICT OF THE**                    **Page 2 of 4**
**Motion No.  001**

[* 2]

Then, by letter dated July 15, 2020, the Board, by its District 75 Superintendent, wrote petitioner that:

> "This is to inform you that after reviewing written response received on July 15, 2020. (sic) I reaffirm your Discontinuance of Probationary service effective close of business July 22, 2020."

(NYSCEF Document Number 003).

The employment and payment records submitted by the Board establish that Moore remained on the Board's payroll until September 1, 2020 (NYSCEF Document Numbers 014-016). This court finds that the letter dated June 20, 2022 was equivocal whether Moore's probationary teaching services would be discontinued effective July 22, 2020, which renders such letter ineffective to give petitioner the requisite thirty days-notice. Such equivocation is compounded by the Board's providing that petitioner "may submit a written response to the reasons no later than seven days before the date of my consideration and final determination of your Discontinuance" unless the Superintendent's consideration of same was illusory.

The letter dated July 15, 2020 letter provided Moore only days- notice of his termination, a 23 days short of the 30-day requirement set forth in Education Law § 3019. See Matter of Vetter, 14 NY3d at 731 (2010).

The Board argues that even if it was deficient on providing notice of the discontinuance, Moore suffered no lost compensation, as the Board paid him an additional 48 days of salary, as remained

**160087/2020  MOORE, JOMANI vs. CITY SCHOOL DISTRICT OF THE**
**Motion No.  001**

**Page 3 of 4**

3 of 4

on the Board's payroll until September 1, 2020. Nor is the Board's argument that petitioner suffered no losses due to his receipt of pro-rated summer vacation pay of any moment. <u>See Matter of Vetter</u>, <u>supra</u>, at p. 731.

20240425162708DJAMESF2685AB92C75496CBDB091E929805324

**4/25/2024**
DATE

DEBRA A. JAMES, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**160087/2020   MOORE, JOMANI vs. CITY SCHOOL DISTRICT OF THE**
**Motion No.  001**

Page 4 of 4

4 of 4