Matter of Castellanos v New York City Employees' Retirement Sys. (2025 NY Slip Op 04723)

Matter of Castellanos v New York City Employees' Retirement Sys.

2025 NY Slip Op 04723

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
PHILLIP HOM, JJ.

2023-12120
 (Index No. 514587/22)

[*1]In the Matter of George L. Castellanos, respondent,
v
New York City Employees' Retirement System, et al., appellants.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner and Diana Lawless of counsel), for appellants.
Sandra D. Parker, New York, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated January 13, 2022, which denied the petitioner's application for disability retirement benefits, the New York City Employees' Retirement System and the Medical Board of the New York City Employees' Retirement System appeal from a judgment of the Supreme Court, Kings County (Devin P. Cohen, J.), dated October 11, 2023. The judgment granted the amended petition and annulled the determination.
ORDERED that the judgment is reversed, on the law, with costs, the amended petition is denied, and the proceeding is dismissed on the merits.
In 2015, the petitioner applied for disability retirement benefits as a result of two work-related incidents that occurred in March and December 2014, respectively. The petitioner claimed that as a result of the injuries he sustained in those incidents, he could no longer work. He allegedly suffered from arthritis, degenerative disc disease of the lumbar, cervical, and thoracic spine, degenerative joint disease of the shoulders, hips, and elbows, and carpal tunnel syndrome. In connection with his application, the petitioner was interviewed and examined by the Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board) on July 21, 2016, and again on March 2, 2017. In separate reports dated July 21, 2016, and March 2, 2017, respectively, the Medical Board found no disability and recommended denial of the petitioner's application. On May 11, 2017, the Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees) adopted the recommendation of the Medical Board. In July 2017, the petitioner filed a second application for disability retirement benefits. He was interviewed and examined by the Medical Board on December 5, 2017. On February 8, 2018, the Board of Trustees denied the petitioner's application. The Board of Trustees adopted the recommendation of the Medical Board in a report dated December 5, 2017, which again determined that the petitioner was not disabled from performing his work duties. The petitioner commenced a proceeding pursuant to CPLR article 78 to review the February 8, 2018 determination of the Board of Trustees. The Supreme Court granted the petition "to the extent that [the Board of Trustees's] determination, together with the Medical Board's determination itself, is vacated for the purposes of a further determination and more adequate explanation as to petitioner's disability."
The Medical Board then reviewed the petitioner's applications and medical documentation again. On June 2, 2020, the Medical Board issued its fourth report, which was substantively similar to the first three reports but more detailed. The Medical Board again found the petitioner was not disabled. On January 13, 2022, the Board of Trustees adopted the Medical Board's recommendation and denied the petitioner's application. The petitioner then commenced the instant proceeding pursuant to CPLR article 78 to review the January 13, 2022 determination of the Board of Trustees. The Supreme Court granted the amended petition and annulled the January 13, 2022 determination. This appeal ensued.
The petitioner did not have 10 years of service credit at the time of his application for disability retirement benefits and, therefore, was required to demonstrate that he was "physically . . . incapacitated for performance of gainful employment as the natural and proximate result of an accident not caused by his own willful negligence sustained in the performance of his duties" (Retirement and Social Security Law § 605[b][3]; see Matter of Leary v New York City Employees' Retirement Sys., 59 AD3d 547, 549). "An applicant seeking disability retirement benefits bears the burden of demonstrating that she [or he] is permanently incapacitated from performing her [or his] job duties" (Matter of Hannon v New York State Dept. of Human Rights, 170 AD3d 1175, 1177; see Matter of Zanchelli v DiNapoli, 198 AD3d 1058, 1059). "The Medical Board determines whether a member applying for disability retirement benefits is disabled, and the Board of Trustees is bound by the Medical Board's finding that an applicant is, or is not, disabled for duty" (Matter of Russell v New York City Employees' Retirement Sys., 155 AD3d 1046, 1046).
In a proceeding pursuant to CPLR article 78 to review a final determination on an application for disability retirement benefits, "a Medical Board's disability determination will not be disturbed if the determination is based on substantial evidence" (Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760). "Substantial evidence in this context means some credible evidence" (Matter of Maxwell v New York City Employees' Retirement Sys., 210 AD3d 1095, 1096 [internal quotation marks omitted]; see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d at 760).
Here, the Medical Board's determination that the petitioner did not establish a disability as a result of the two work-related incidents is supported by credible evidence. The record demonstrates that the Medical Board considered all of the medical evidence submitted by the petitioner and interviewed and physically examined the petitioner three times. The record further demonstrates that the petitioner's right hip injury was the result of a preexisting condition and was not caused by the two work-related incidents. The petitioner's emergency room and medical records, including an X-ray, demonstrated that the petitioner suffered from degenerative disease and osteoarthritis in both hips. The medical records, coupled with the fact that the petitioner continued to work for approximately 18 months after the March 2014 incident, supported the Medical Board's determination that the petitioner's need for right hip surgery was not related to the work-related incidents. Further, the Medical Board found that the petitioner demonstrated symptom magnification. In support, the Medical Board noted that the petitioner's alleged impairments were not supported by objective findings and inconsistent with the lack of atrophy. Also, there was "marked discrepancies" between what the Medical Board observed in examining the petitioner and what the petitioner's treating physicians had observed. Further, the petitioner's carpal tunnel syndrome was not considered a disability since the petitioner chose to forego surgery (see Matter of Kuczinski v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 8 AD3d 283, 284-285). Therefore, the Board of Trustees's determination adopting the recommendation of the Medical Board was not irrational or arbitrary and capricious. Thus, the Supreme Court should have denied the amended petition and dismissed the proceeding on the merits.
BARROS, J.P., WOOTEN, FORD and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court