OPINION OF THE COURT
 

 Ciparick, J.
 

 Petitioner Carol Aurecchione prevailed in a human rights employment discrimination claim she filed against her former employer, respondents Classic Coach, Schoolman Transportation System, Inc. and Bill Schoolman. Following a finding of discrimination, the State Division of Human Rights (Division) awarded her back pay. The Division refused, however, to award “pre-determination interest” — interest accruing from the date of discrimination. The sole issue on this appeal is whether victims of employment discrimination are entitled to predetermination interest on back pay awards. We hold that, under the facts presented, the denial of pre-determination interest was an abuse of discretion.
 

 In April 1986, respondent Classic — a charter bus service provider — hired Aurecchione as a charter reservationist, and eight months later promoted her to the position of office manager. Shortly thereafter, in February 1987, she began to function as a general manager. Her responsibilities were expanded, yet her salary (at most $350 a week) remained well below that of male office managers (who earned up to $700 a week). In October 1987, following a change of personnel, Classic eliminated Aurecchione’s position as manager, and offered her a position as a reservationist, which paid considerably less. Aurecchione refused to accept the position and ultimately requested a termination letter.
 

 
 *25
 
 On February 23, 1988, Aurecchione filed a formal complaint with the Division of Human Rights charging respondents with employment discrimination under the Human Rights Law. The Division held its first public hearing on November 21, 1995, and continued hearings on the complaint until June 27, 1996. In September 1998, the case was reassigned to a second Administrative Law Judge who ultimately issued her recommended decision and order on March 10, 1999. Finally, on April 29, 1999, approximately 11 years after Aurecchione filed her complaint and approximately 12 years after the first incident of discrimination, the Commissioner rendered his decision and order, awarding her $21,500 in back pay and $1,500 in compensatory damages for mental anguish and humiliation. Additionally, the Commissioner ordered that interest be added to the back pay award at the statutory rate of 9% per annum, accruing from the date of his final order. The Commissioner denied Aurecchione’s request for pre-determination interest on the back pay award.
 

 Aurecchione then brought this proceeding pursuant to Executive Law § 298, to challenge the Commissioner’s denial of predetermination interest. The Appellate Division confirmed the determination, noting simply that the “Commissioner of the New York State Division of Human Rights acted within his discretion in not including interest on the award of back pay” (281 AD2d 543, 543 [2d Dept 2001]). We granted leave to appeal and now reverse.
 

 The Human Rights Law (Executive Law art 15), affords employees the opportunity to “obtain employment without discrimination” (Executive Law § 291 [1]). To ensure the protection of this right the Legislature enacted a comprehensive statutory scheme that provides employees with both the means to combat employment discrimination and a framework for redress. The remedial nature of the statute evinces a legislative intent to compensate fully victims of employment discrimination.
 

 The issue of “prejudgment” interest awards on back pay in the employment discrimination context has been addressed on numerous occasions in the federal courts. The Human Rights Law, while unique in many respects, seeks to remedy the same type of discrimination as its federal counterpart — title VII of the Civil Rights Act of 1964 (42 USC § 2000e
 
 et seq.).
 
 We have acknowledged the similarities and attempted to resolve federal and state employment discrimination claims consistently
 
 (see e.g. Ferrante v American Lung Assn.,
 
 90 NY2d 623, 629 [1997]).
 
 *26
 
 Because both the Human Rights Law and title VII address the same type of discrimination, afford victims similar forms of redress, are textually similar and ultimately employ the same standards of recovery, federal case law in this area also proves helpful to the resolution of this appeal
 
 (see id.).
 

 In
 
 Loeffler v Frank
 
 (486 US 549, 557-558 [1988]), the United States Supreme Court, in the context of a title VII claim, characterized pre-determination interest as an essential accompaniment to back pay awards. The Court noted that the “backpay award authorized by § 706 (g) of Title VII * * * is a manifestation of Congress’ intent to make ‘persons whole for injuries suffered through past discrimination’ ” (Loeffler, 486 US at 558 [internal citations omitted]). Despite the lack of reference to prejudgment interest in the text of the statute, “[p]rejudgment interest, of course, is ‘an element of complete compensation’ ” (id.;
 
 see also Sharkey v Lasmo [AUL Ltd.],
 
 214 F3d 371 [2d Cir 2000];
 
 Gierlinger v Gleason,
 
 160 F3d 858 [2d Cir 1998];
 
 Saulpaugh v Monroe Community Hosp.,
 
 4 F3d 134 [2d Cir 1993];
 
 Clarke v Frank,
 
 960 F2d 1146 [2d Cir 1992]). Indeed, the Second Circuit has consistently held that “[t]o the extent * * * that the damages awarded to the plaintiff represent compensation for lost wages, ‘it is ordinarily an abuse of discretion
 
 not
 
 to include pre-judgment interest’ ”
 
 (Gierlinger,
 
 160 F3d at 873, quoting
 
 Saulpaugh,
 
 4 F3d at 145).
 

 Although the Human Rights Law, like title VII, makes no specific reference to pre-determination interest, a liberal reading of the statute is explicitly mandated to effectuate the statute’s intent (Executive Law § 300;
 
 Matter of Cahill v Rosa,
 
 89 NY2d 14, 20 [1996]). Clearly, a central concern of the Human Rights Law is to make such victims “whole” (Executive Law § 297 [4] [c] [iii]). This Court has repeatedly acknowledged that as the purpose of an interest award
 
 (Spodek v Park Prop. Dev. Assoc.,
 
 96 NY2d 577 [2001];
 
 Lawyers’ Fund for Client Protection of State of N.Y. v Bank Leumi Trust Co. of N.Y.,
 
 94 NY2d 398, 407 [2000];
 
 Prager v New Jersey Fid. & Plate Glass Ins. Co. of Newark, N.J.,
 
 245 NY 1, 5-6 [1927]). Predetermination interest awards are consistent with such concerns
 
 (see Loeffler,
 
 486 US at 557-558). This is so because “an award of interest is often appropriate from the time at which a party was deprived of the use of money since without the addition of interest, the aggrieved party is not made whole”
 
 (Lawyers’ Fund,
 
 94 NY2d at 407).
 

 Classic contends that it should not be penalized, by the imposition of interest, for the Division’s delay and inefficiency.
 
 *27
 
 We have, on numerous occasions, rejected such arguments: “interest is not a penalty”
 
 (Love v State of New York,
 
 78 NY2d 540, 544 [1991]). In
 
 Love,
 
 we affirmatively sanctioned the award of “prejudgment” interest in the context of a negligence claim. While the factual underpinnings of
 
 Love
 
 are somewhat distinct from the present appeal, the underlying policy concerns are identical. Specifically, interest is not a punishment arbitrarily levied upon a culpable party. Instead, an award of interest is simply a means of indemnifying an aggrieved person. It represents “the cost of having the use of another person’s money for a specified period”
 
 (Love,
 
 78 NY2d at 544).
 

 Here, the Division determined that Classic wrongfully withheld payment of wages otherwise due Aurecchione. As a result, Aurecchione was deprived of the use of money at the time of discrimination. Furthermore, Classic, “who has actually had the use of the money, has presumably used the money to its benefit and, consequently, has realized some profit, tangible or otherwise, from having it in hand”
 
 (Love,
 
 78 NY2d at 545). The denial of pre-determination interest here would be tantamount to an “interest-free loan” to Classic
 
 (Clarke v Frank,
 
 960 F2d 1146, 1154 [2d Cir 1992]). Therefore, consistent with the underlying purpose and intent of the Human Rights Law to compensate victims of employment discrimination, here the award of pre-determination interest, accruing from the date of discrimination, complements the back pay award and is appropriate (Spo
 
 dek,
 
 96 NY2d 577;
 
 Lawyers’ Fund,
 
 94 NY2d at 407;
 
 Prager,
 
 245 NY at 5-6).
 

 We reject petitioner’s argument, however, that predetermination interest must in every case be awarded as a matter of law, and hold that the Commissioner is afforded some discretion in determining the extent of appropriate compensation for violations of the Human Rights Law, subject to appellate review for abuse. Here, neither the Commissioner nor the Appellate Division offered any justification for the denial of pre-determination interest. We conclude, therefore, that the denial of pre-determination interest constituted an abuse of discretion
 
 (see Matter of New York City Tr. Auth. v State Div. of Human Rights,
 
 78 NY2d 207, 219 [1991]).
 

 Finally, we urge the Division to complete its interest calculation within 30 days
 
 (see Matter of Diaz Chem. Corp. v New York State Div. of Human Rights,
 
 91 NY2d 932, 933-934 [1998];
 
 Town of Oyster Bay v Commander Oil Corp.,
 
 96 NY2d 566, 576 [2001]).
 

 
 *28
 
 Accordingly, the judgment of the Appellate Division should be reversed, with costs, and the matter remitted to the Appellate Division, with directions to remand to the New York State Division of Human Rights, for further proceedings in accordance with this opinion.
 

 Chief Judge Kaye and Judges Smith, Levine, Wesley, Rosenblatt and Graffeo concur.
 

 Judgment reversed, etc.