SECOND DEPARTMENT, APRIL, 2004

(April 5, 2004)

■ ABIELE CONTRACTING, INC., Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent. (And a Related Action.) [774 NYS2d 380]—

In an action to recover damages for the wrongful termination of a construction contract, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Schmidt, J.), entered November 7, 2002, as awarded it prejudgment interest at a rate of only 5.29% per annum.

Ordered that the judgment is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment accordingly.

The plaintiff contends that it is entitled to 9% interest on its judgment. The defendant disagrees, claiming that the recovery

of prejudgment interest in this case should be limited to the average 52-week U.S. Treasury Bonds or Notes for the relevant period, in this case 5.29%.

Although a trial court has discretion to set a prejudgment interest rate at less than 9% per annum against public entities, the statutory interest rate is presumed fair and reasonable (*see Rodriguez v New York City Hous. Auth.,* 91 NY2d 76 [1997]). To overcome the presumption, a defendant must show that prevailing market rates in both public and private securities are significantly lower than the 9% statutory interest rate (*see Matter of New York State Urban Dev. Corp.,* 293 AD2d 354 [2002]; *Auer v State of New York,* 283 AD2d 122 [2001]). The defendant failed to submit sufficient evidence to rebut the presumption that the statutory rate of 9% was fair and reasonable. Its showing solely addressed the rates of return for riskless public securities and the rate of return it received on its investments (*see Balsam v City of New York,* 298 AD2d 479 [2002]). Therefore, the plaintiff was entitled to prejudgment interest at the statutory rate of 9% per annum. Altman, J.P., Florio, Luciano and Mastro, JJ., concur.