[870 NE2d 124, 838 NYS2d 806]

MANUFACTURER'S & TRADERS TRUST COMPANY, Named in the Relevant Escrow Agreements as MANUFACTURER'S & TRADERS BANK, Plaintiff, v RELIANCE INSURANCE COMPANY et al., Defendants, O'BRIEN & GERE TECHNICAL SERVICES, INC., et al., Appellants, and FRU-CON/FLUOR DANIEL JOINT VENTURE, Respondent.

Argued March 28, 2007; decided May 3, 2007

**POINTS OF COUNSEL**

*Harter Secrest & Emery LLP,* Rochester (*Richard E. Alexander* and *A. Paul Britton* of counsel), for Cives Corporation and another, appellants. I. A court has no discretion to award "interest" against a party that committed no tort and breached no contract, and against which no damage award has been made. (*De Long Corp. v Morrison-Knudsen Co.,* 14 NY2d 346; *Keating v Astor Theatre Corp.,* 277 App Div 52; *Spodek v Park Prop. Dev. Assoc.,* 96 NY2d 577; *Amoco Transp. Co. v Dietze, Inc.,* 582 F Supp 804; *Reliable Mar. Boiler Repair, Inc. v Mastan Co.,* 325 F Supp 58.) II. Awards of "interest" in interpleader actions are governed by CPLR 1006 (f); the lower court had no discretion to make an "interest" award against an unsuccessful interpleader claimant. (*Matter of Janes,* 90 NY2d 41; *Matter of Aaron J.,* 80 NY2d 402; *People v Mobil Oil Corp.,* 48 NY2d 192; *People v Lawrence,* 64 NY2d 200.) III. Fru-Con/Fluor Daniel Joint Venture was not entitled to "interest" simply because it was a prevailing party; the ruling below will discourage legitimate access to the courts. (*Chapel v Mitchell,* 84 NY2d 345; *Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12.) IV. Alternatively, Cives Corporation should not in any event be jointly and severally liable for all the interest represented in the judgment. (*Matter of Seagroatt Floral Co. [Riccardi],* 78 NY2d 439; *Ravo v Rogatnick,* 70 NY2d 305; *Said v Assaad,* 289 AD2d 924; *Martinetti v Town of New Hartford Police Dept.,* 307 AD2d 735; *Larson v Albany Med. Ctr.,* 252 AD2d 936; *Brawdy v National Grange Mut. Ins. Co.,* 207 AD2d 1019; *Matter of Przydatek v New York State Off. of Children & Family Servs.,* 13 AD3d 1102.)

*Frank A. Bersani, Jr.,* Syracuse, for O'Brien & Gere Technical

Services, Inc., appellant. I. The joint venture has failed to present any statutory basis for an extra-res award of interest in an interpleader action. (*Keating v Astor Theatre Corp.*, 277 App Div 52; *Bankers Trust Co. v Hogan*, 196 AD2d 469.) II. The Supreme Court was in error to hold O'Brien & Gere Technical Services, Inc. (OBG) liable for interest because OBG did not breach its contract with Fru-Con/Fluor Daniel Joint Venture, nor did it interfere with the property of the Joint Venture. (*Matter of Bello v Roswell Park Cancer Inst.*, 5 NY3d 170; *Matter of Meloni v Goord*, 267 AD2d 977; *Spodek v Park Prop. Dev. Assoc.*, 96 NY2d 577.)

*Gresens & Gillen LLP*, Buffalo (*Patricia Gillen* and *James W. Gresens* of counsel), for respondent. As to: Cives Corporation and Cives Steel Company, Mid-South Division. I. Legal issues not raised before the trial court are not preserved for appeal before this Court and should not be considered. (*Bingham v New York City Tr. Auth.*, 99 NY2d 355; *Telaro v Telaro*, 25 NY2d 433; *Freytag v Commissioner*, 501 US 868.) II. Supreme Court providently exercised its discretion under CPLR 5001 (a) when it awarded interest to compensate the Fru-Con/Fluor Daniel Joint Venture for the loss of its funds for over four years due to the actions of O'Brien & Gere Technical Services, Inc. and Cives Corporation and Cives Steel Company, Mid-South Division. (*Hynes v Iadarola*, 221 AD2d 131; *Zies v New York Life Ins. Co.*, 237 App Div 367; *Perlman v East Annadale Beach Corp.*, 233 App Div 599; *Dagood Holding Corp. v Rosenbluth*, 231 App Div 470; *Amoco Transp. Co. v Dietze, Inc.*, 582 F Supp 804; *Septembertide Publ., B.V. v Stein & Day, Inc.*, 884 F2d 675; *Selinger v Selinger*, 250 AD2d 752; *Burrows v Burrows*, 270 AD2d 871; *Matter of Dow*, 55 AD2d 323.) III. Interest was also properly awarded under CPLR 5001 (a) because Cives Corporation and Cives Steel Company, Mid-South Division interfered with the return of Fru-Con/Fluor Daniel Joint Venture's funds. (*Craig Test Boring Co., Inc. v Saudi Arabian Airlines Corp.*, 138 F Supp 2d 553; *Spodek v Park Prop. Dev. Assoc.*, 279 AD2d 467; *Spector v Mermelstein*, 485 F2d 474; *Arigo v Abbott & Cobb*, 86 AD2d 958; *De Long Corp. v Morrison-Knudsen Co.*, 14 NY2d 346; *Loeb v Teitelbaum*, 112 Misc 2d 1039; *Flamm v Noble*, 296 NY 262; *Nu-Life Constr. Corp. v Board of Educ. of City of N.Y.*, 789 F Supp 103; *Hunt v Hunt*, 13 AD3d 1041; *Eighteen Holding Corp. v Drizin*, 268 AD2d 371.) IV. The award of interest is not governed by, and does not offend or vitiate the purpose of, CPLR 1006. (*Matter of Burger King v State Tax Commn.*, 51 NY2d 614; *Matter of Tyson v Roswell Park Cancer Inst. Corp.*, 4 Misc

3d 556; *People v Sagesse,* 13 Misc 3d 435; *People v Lawrence,* 64 NY2d 200; *Schieffelin v Craig,* 183 App Div 515.) As to: O'Brien & Gere Technical Services, Inc. I. Supreme Court providently exercised its discretion under CPLR 5001 (a) when it awarded interest to compensate Fru-Con/Fluor Daniel Joint Venture for the loss of its funds for over four years due to the actions of O'Brien & Gere Technical Services, Inc. and Cives Corporation and Cives Steel Company, Mid-South Division. (*Hynes v Iadarola,* 221 AD2d 131; *Clark v Mosher,* 107 NY 118; *Zies v New York Life Ins. Co.,* 237 App Div 367; *Amoco Transp. Co. v Dietze, Inc.,* 582 F Supp 804; *Septembertide Publ., B.V. v Stein & Day, Inc.,* 884 F2d 675; *Perlman v East Annadale Beach Corp.,* 233 App Div 599; *Dagood Holding Corp. v Rosenbluth,* 231 App Div 470; *Selinger v Selinger,* 250 AD2d 752; *Burrows v Burrows,* 270 AD2d 871; *Matter of Dow,* 55 AD2d 323.) II. Supreme Court was well within its discretion to apply the rate of 9% for its award of interest under CPLR 5001 (a). (*Rodriguez v New York City Hous. Auth.,* 91 NY2d 76; *City of Buffalo v Clement Co.,* 28 NY2d 241.) III. Interest was also properly awarded under CPLR 5001 (a) because O'Brien & Gere Technical Services, Inc. breached the escrow agreement and interfered with the return of Fru-Con/Fluor Daniel Joint Venture's funds. (*De Long Corp. v Morrison-Knudsen Co.,* 14 NY2d 346; *Spodek v Park Prop. Dev. Assoc.,* 279 AD2d 467; *Loeb v Teitelbaum,* 112 Misc 2d 1039; *Flamm v Noble,* 296 NY 262; *Spector v Mermelstein,* 485 F2d 474; *Butler v Brown,* 180 AD2d 406; *Arigo v Abbott & Cobb,* 86 AD2d 958; *Spodek v Park Prop. Dev. Assoc.,* 96 NY2d 577; *Nu-Life Constr. Corp. v Board of Educ. of City of N.Y.,* 789 F Supp 103; *Hunt v Hunt,* 13 AD3d 1041.) IV. Legal issues not raised before the trial court are not preserved for appeal before this Court and should not be considered. (*Bingham v New York City Tr. Auth.,* 99 NY2d 355; *Telaro v Telaro,* 25 NY2d 433.) V. O'Brien & Gere Technical Services, Inc. and Cives Corporation and Cives Steel Company, Mid-South Division consented to personal jurisdiction as evidenced by their failure to plead a defense based on lack of personal jurisdiction, their failure to object to personal jurisdiction during the previous seven years of litigation, their affirmative actions in asserting cross claims in the underlying action, and their failure to preserve this issue for appeal. (*Ohio Sav. Bank v Munsey,* 34 AD3d 659; *National Loan Invs., L.P. v Piscitello,* 21 AD3d 537; *Bingham v New York City Tr. Auth.,* 99 NY2d 355; *Oram v Capone,* 206 AD2d 839.)

**OPINION OF THE COURT**

SMITH, J.

We hold that CPLR 5001 (a) does not authorize an award of interest against unsuccessful claimants in an interpleader action.

### Facts and Procedural History

This case arises out of a contract to build a paper plant. The general contractor, Fru-Con/Fluor Daniel Joint Venture (the Joint Venture), awarded a subcontract to O'Brien & Gere Technical Services, Inc. (O'Brien) for the construction of several buildings that were to be part of the plant. O'Brien in turn awarded a number of subcontracts, including one for steel fabrication and erection to Cives Corporation. Problems developed, payments were delayed, and several of O'Brien's subcontractors threatened to stop or slow their work if they were not paid.

To keep the project going, the Joint Venture and O'Brien agreed in late March 1999 that the Joint Venture would deposit approximately $5.3 million with an escrow agent, Manufacturer's & Traders Trust Company, until June 15, 1999. The plan was that, during that $2\frac{1}{2}$-month interval, O'Brien would try to negotiate settlements with its subcontractors, and the escrowed money would be used to pay subcontractors in accordance with settlement agreements. Any balance left over on June 15, 1999 was to be returned to the Joint Venture.

By June 15, payments had reduced the escrow fund to some $2.4 million, but it took more than four years for the Joint Venture to recover that balance. Before June 15, Cives's lawyer wrote to the escrow agent, saying that O'Brien owed Cives approximately $3.4 million and requesting "that there be no further disbursement of any escrowed funds" pending a resolution of Cives's claim. As a result, the escrow agent began this interpleader action, naming the Joint Venture, O'Brien, Cives and others as possible claimants to the fund. A few weeks later, Supreme Court discharged the escrow agent and ordered it to deposit the escrowed money with the court clerk "where said funds shall remain until further Order of the Court."

The pleadings in the interpleader action are not in the record before us, but it is clear that O'Brien, Cives and others asserted claims to the fund at various points, and that the resolution of them was time-consuming. Finally, in March 2003, the Appellate Division ruled that the fund should be returned to the Joint

Venture. After some further skirmishing, the clerk paid the Joint Venture the money in late 2003 and early 2004. For reasons that no party explains, the payments from the clerk to the Joint Venture included only a nominal amount of interest.

The Joint Venture then moved for entry of judgment against O'Brien and Cives in an amount equal to interest at the statutory rate of nine percent (less the small amount of interest paid by the clerk) for the time during which the funds had sat in court. Supreme Court granted the motion, and the Appellate Division affirmed. We granted leave to appeal, and now reverse.

## Discussion

Interest awards in New York are "purely a creature of statute" (*Matter of Bello v Roswell Park Cancer Inst.*, 5 NY3d 170, 172 [2005]). The statute governing interpleader, CPLR 1006, provides for an award of interest against a stakeholder up to the time of discharge (CPLR 1006 [f]), but not against unsuccessful claimants. Thus the interest award here must be authorized, if at all, by the general interest statute, CPLR 5001 (a), which provides:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

The Joint Venture argues that interpleader actions are "of an equitable nature," and that therefore Supreme Court had discretion to award interest against O'Brien and Cives. It also argues that the award of interest was correct because O'Brien was guilty of "breach of performance of a contract" (the escrow agreement) and because the conduct of O'Brien and Cives in litigating the interpleader case constituted "an act or omission depriving or otherwise interfering with . . . possession or enjoyment of" property. We reject the Joint Venture's arguments.

Interpleader actions are indeed equitable, and substantial authority supports the view that CPLR 5001 (a) permits interest awards in all equitable actions, not just those based on breach of contract or interference with property (Weinstein-Korn-Miller, NY Civ Prac ¶ 5001.06, at 50-20; *Selinger v Selinger*, 250 AD2d 752 [2d Dept 1998]; *Matter of Dow*, 55 AD2d

323 [4th Dept 1977]). Still, the discretion given by the statute does not stretch as far as the Joint Venture claims. CPLR 5001 (a) authorizes interest "upon a sum awarded"—implying that the interest must be paid by the party *against whom* the sum was awarded. There was no "sum awarded" against O'Brien or Cives here, and thus no predicate for an award of interest against them.

The purpose of interest is to require a person who owes money to pay compensation for the advantage received from the use of that money over a period of time. No such justification for an interest award exists here: during the time at issue, the money was held by the clerk of the court, and O'Brien and Cives no more had the use of it than the Joint Venture did. To award interest against O'Brien and Cives would be to penalize them for a delay that brought them no benefit. But, as we explained in *Love v State of New York* (78 NY2d 540, 544 [1991]):

> "[I]nterest is not a penalty. Rather, it is simply the cost of having the use of another person's money for a specified period . . . . It is intended to indemnify successful plaintiffs 'for the nonpayment of what is due to them' (*Trimboli v Scarpaci Funeral Home*, [37 AD2d 386,] at 389), and is not meant to punish defendants for delaying the final resolution of the litigation."

The Joint Venture's arguments that interest is authorized by the language in CPLR 5001 (a) referring to "breach of performance of a contract" and to "possession or enjoyment of" property are subject to the same objections: there is no "sum awarded" against O'Brien and Cives, and no benefit to them that would justify requiring them to pay interest. There is also a more fundamental objection: O'Brien and Cives have not been found to have breached any contract or to have interfered unlawfully with the possession or enjoyment of any property.

The Appellate Division did find, in an earlier appeal, that O'Brien had not performed the conditions that would have entitled it to payment under the escrow agreement, but no claim was asserted, and no judgment awarded, against O'Brien for breach of contract. Nor was there a judgment, or any basis for a judgment, against O'Brien or Cives for interference with the Joint Venture's "possession or enjoyment" of property. All that O'Brien and Cives did to delay payment of the escrow fund to the Joint Venture was litigate their claims to that fund. No

court found that O'Brien's and Cives's claims were frivolous, that their conduct in the litigation was vexatious, or that they acted solely to cause delay. Since they were not found to have committed any "act or omission" that can be a basis for liability, the "possession or enjoyment" clause of CPLR 5001 (a) does not apply.

There is no doubt that the Joint Venture suffered a hardship in being deprived of the money in escrow for four years, with only meager compensation for the delay. This hardship, however, was the result not of any misconduct by O'Brien or Cives, but of the inexplicable failure by all concerned to arrange for the payment of a meaningful interest rate on the escrowed money. There is no apparent reason why the money could not have been put into an interest bearing account, with interest to benefit the successful claimant (*see* CPLR 2601 [d]; *cf. Reliable Mar. Boiler Repair, Inc. v Mastan Co.,* 325 F Supp 58, 64 [SD NY 1971]). But the Joint Venture sought no such relief when the money was deposited with the clerk in 1999, and it cannot now complain that it was deprived of interest.

Accordingly, the order of the Appellate Division should be reversed with costs, and the motion of the Joint Venture for an award of interest against O'Brien and Cives should be denied.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ and JONES concur; Judge PIGOTT taking no part.

Order reversed, etc.