■ DOUBET LLC, Respondent-Appellant, v THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Respondent, and 455 CENTRAL PARK WEST LLC, Appellant-Respondent, et al., Respondents. [952 NYS2d 16]—

Petitioner, a judgment creditor, brought this special proceeding pursuant to CPLR article 52 to recover money damages for the violation of restraining notices served on respondent, a garnishee. At the time the notices were issued, on February 19, 2003, the judgment debtor, Douglas Palermo, entered into a written agreement with respondent for a consulting fee to be paid him upon respondent's sale of 53 condominium apartments to Columbia University. The sale closed on July 29, 2004. Notwithstanding the restraining notices, respondent paid Palermo.

Respondent argues, for the first time on appeal, that its failure to abide by the restraining notices did not damage petitioner because petitioner never could have collected on a money judgment. However, contrary to respondent's contention, the restraining notices remained in effect until Palermo filed a voluntary petition for bankruptcy, in October 2005. If respondent had still been holding the funds in December 2004-January 2005, after a court order denied Palermo's motion to vacate the default judgments, which freed petitioner to seek to enforce them, petitioner would have had nine or 10 months in which to commence its enforcement proceeding.

Equally unavailing is respondent's argument that the restraining notices were invalid because they sought to restrain a contingent debt that was not certain ever to become due. Respondent made this argument in an untimely motion for leave to reargue. In any event, "a contingent future debt, even if not subject to levy as 'debt' under CPLR 5201 (a), may be leviable as 'property' under CPLR 5201 (b)" (*JPMorgan Chase Bank, N.A. v Motorola, Inc.*, 47 AD3d 293, 302 [1st Dept 2007]). Palermo's right to payment under a binding, assignable written contract with respondent was "property" at the time the notices were issued, regardless of the uncertainty of its ultimate value, because it had "potential economic value" to petitioner (*see Matter of Supreme Mdse. Co. v Chemical Bank*, 70 NY2d 344, 350 [1987]; *compare Verizon New England Inc. v Transcom Enhanced Servs., Inc.*, 98 AD3d 203 [1st Dept 2012] [judgment debtor had no right to assignable or attachable payment where its performance depended on garnishee's prepayment for services in any given week]).

Respondent argues that the restraining notices were invalid because they were mailed to an out-of-state garnishee and sought to restrain out-of-state property. Assuming that the situs of the property at issue—respondent's contractual obligation to pay a broker's fee—was outside the State of New York, as a foreign corporation authorized to do business in New York, re-

spondent has consented to personal jurisdiction in New York (*see Augsbury Corp. v Petrokey Corp.*, 97 AD2d 173, 175 [3d Dept 1983]). Service of the restraining notices upon respondent restrained all "property" that was the subject of the notices (*see Koehler v Bank of Bermuda Ltd.*, 12 NY3d 533, 541 [2009]; *Hotel 71 Mezz Lender LLC v Falor*, 14 NY3d 303, 312 [2010]).

The defense of unclean hands is not available to respondent to bar petitioner from enforcing the restraining notices. Respondent has not established that petitioner's principal acted as a fiduciary to Palermo, who owed him in excess of $2,000,000, at the time he learned that Palermo was going to receive $1,564,816 in fees from the subject transaction (*see Weiss v Mayflower Doughnut Corp.*, 1 NY2d 310, 316 [1956]).

Petitioner is not entitled to prejudgment interest as a matter of right under CPLR 5001 (a), since the restraining notices did not confer upon it a lien or interest in the property (*see Aspen Indus. v Marine Midland Bank*, 52 NY2d 575, 579-580 [1981]). Nor is it entitled to prejudgment interest on the ground that respondent's violation of the restraining notice was willful. We agree with the motion court that petitioner improperly seeks a punitive award rather than "compensation for the advantage received from the use of that money over a period of time" (*see Manufacturer's & Traders Trust Co. v Reliance Ins. Co.*, 8 NY3d 583, 589 [2007]). Concur—Gonzalez, P.J., Saxe, DeGrasse, Freedman and Román, JJ.