Matter of Rensselaer County Sheriff's Dept. v New York State Div. of Human Rights (2018 NY Slip Op 05719)





Matter of Rensselaer County Sheriff's Dept. v New York State Div. of Human Rights


2018 NY Slip Op 05719


Decided on August 9, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 9, 2018

525096

[*1]In the Matter of RENSSELAER COUNTY SHERIFF'S DEPARTMENT, Petitioner,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.

Calendar Date: May 29, 2018

Before: Garry, P.J., McCarthy, Clark, Rumsey and Pritzker, JJ.


Napierski, Vandenburgh, Napierski & O'Connor, LLP, Albany (Shawn F. Brousseau of counsel), for petitioner.
Caroline J. Downey, New York State Division of Human Rights, New York City (Michael K. Swirksy of counsel), for New York State Division of Human Rights, respondent.
Luibrand Law Firm, PLLC, Latham (Kevin A. Luibrand of counsel), for Lora Abbott Seabury, respondent.



MEMORANDUM AND JUDGMENT
Rumsey, J.
Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Rensselaer County) to review a determination of the Commissioner of Human Rights calculating an award of damages to compensate respondent Lora Abbott Seabury for the pension benefits that she lost due to petitioner's discriminatory actions.
Respondent Lora Abbott Seabury was formerly employed as a
correction officer at a correctional facility operated by petitioner. In September 2010, she filed a complaint with respondent State Division of Human Rights (hereinafter SDHR) alleging that she had been subjected to, among other things, sexual harassment by male coworkers. After holding a hearing, an Administrative Law Judge (hereinafter ALJ) found that Seabury had proven that she had been sexually harassed by her male coworkers and recommended that petitioner be ordered to pay Seabury nearly $450,000 in economic damages and $300,000 in noneconomic damages. The ALJ also recommended that Seabury "should be made whole with regard to her pension." The Commissioner of Human Rights adjusted the amount of economic damages to approximately $315,000, but otherwise adopted the ALJ's recommendations in all pertinent [*2]respects and included a provision ordering petitioner to involve the Office of the State Comptroller and the New York State and Local Retirement System, presumably to have them provide an actual pension to Seabury based on 25 years of service.
Thereafter, petitioner initiated a proceeding, pursuant to Executive Law § 298, to annul the Commissioner's final determination and Seabury filed an application seeking modification and confirmation of the final determination. The consolidated proceeding was transferred to this Court. We confirmed the determination that Seabury had been subjected to sexual harassment, modified the damages award and, as relevant to the instant proceeding, determined that the Commissioner's determination that petitioner seek an actual pension for Seabury based on 25 years of service was an abuse of discretion (Matter of Rensselaer County Sheriff's Dept. v New York State Div. of Human Rights, 131 AD3d 777, 780-784 [2015], lv dismissed and denied 26 NY3d 1128 [2016]). We remitted the matter to SDHR for the limited purpose of determining the amount of damages that she sustained due to diminishment of her pension benefits (id. at 783). We specifically noted that, for "the purposes of such calculation, Seabury's testimony that she planned to work for 25 years was credited, she provided the relevant portions of her collective bargaining agreement and she provided evidence of her wages for the final three full years of her employment, which allows for the computation of her final average salary" (id. at 783 n 4).
On remittal, SDHR requested that petitioner submit documentation demonstrating the monetary award necessary to compensate Seabury for diminution of her pension. Petitioner submitted documentation asserting that Seabury was not entitled to any such damages based on the possibility that she would receive disability benefits in an amount greater than the pension that she would have been eligible to receive upon completing 25 years of service. Petitioner also submitted a written report from an economist who estimated the total pension benefits that Seabury would have received based on her years of actual service and after 25 years of service. Seabury submitted documentation in opposition to petitioner's submissions, which also included a written report from an economist who also estimated Seabury's lost pension benefits, and petitioner submitted a reply. In November 2016, the Commissioner ordered petitioner to pay Seabury $809,507.97 to compensate her for the reduction in her pension that resulted from petitioner's discriminatory actions.
Thereafter, in January 2017, petitioner commenced this proceeding, pursuant to Executive Law § 298, seeking to annul the Commissioner's November 2016 determination on the ground that SDHR's calculation of the damages award was both procedurally improper and incorrect. Respondents both answered. SDHR requested that Supreme Court transfer the proceeding to this Court. Seabury argued that the damages awarded did not fully compensate her for the reduction in her pension and requested that the court either dismiss the petition or transfer the proceeding to this Court. Supreme Court transferred the proceeding to this Court.
Petitioner initially argues that the November 2016 determination must be annulled because SDHR allowed the parties to submit additional proof regarding damages on remittal. We disagree. Petitioner contends that SDHR impermissibly gave Seabury a second chance to prove damages that she failed to establish at the hearing. However, petitioner's argument that we remitted the matter because the record did not contain sufficient proof to permit computation of the value of Seabury's lost pension benefits mischaracterizes our prior decision, in which we clearly and specifically noted that the record contained evidence of the fundamental facts necessary to complete that calculation, namely, Seabury's length of service, her plans to work until she attained 25 years of service and the wages that she had earned during the final three years of her employment (which permitted calculation of her final average salary) (Matter of Rensselaer County Sheriff's Dept. v New York State Div. of Human Rights, 131 AD3d at 779, [*3]783 n 4). We remitted explicitly for the limited purpose of requiring SDHR to determine such damages because it had never made an initial determination of such damages (id. at 782-783).
Petitioner's further claim that SDHR violated the applicable rules of procedure when it afforded both parties the opportunity to make additional submissions on remittal regarding this issue fails because SDHR was authorized to reopen the record of the proceeding (see 9 NYCRR 465.20 [a] [1]). Each party submitted a written report from an economist who estimated Seabury's damages — based on the facts that were in the existing record — by comparing the total value of the pension benefits that she would receive during her lifetime based on her years of actual service with the benefits that she would have received upon completion of 25 years of service. Petitioner's argument that it was prejudiced because SDHR deprived it of the opportunity to submit testimony on the issue and to cross-examine Seabury's expert is unavailing, in light of the standards governing admission of evidence at a hearing that specifically permit the type of documentary proof that was submitted by the parties (see 9 NYCRR 465.12 [e]), and the fact that petitioner was afforded the opportunity to reply to Seabury's submission.
We also reject petitioner's contention that SDHR erred by failing to reduce the damages awarded for loss of pension benefits to present value. Citing Stratton v Department of Aging for City of New York (132 F3d 869, 882 [2d Cir 1997]), SDHR explained that it had not discounted the award to present value because it had not factored future salary increases into its award [FN1]. Whether the Human Rights Law (see Executive Law art 15) requires that awards for future damages be discounted to present value is an issue of first impression in the appellate courts of New York. However, the Court of Appeals has noted that federal case law is instructive in the employment discrimination context (see Matter of Aurecchione v New York State Div. of Human Rights, 98 NY2d 21, 25-26 [2002]). We acknowledge that the award for Seabury's lost pension benefits can only be a "rough approximation" of the amount necessary to restore her to the position that she would have occupied had she not been the victim of sexual harassment, because neither her lost income stream nor the effect of future price inflation can be predicted with complete confidence (Jones & Laughlin Steel Corp. v Pfeifer, 462 US 523, 546 [1983]). One permissible method for approximating damages that arises from a loss of future income — known as the "total offset" method — is to neither consider future salary increases nor discount the damages to present value based on the presumption that future salary increases are offset by the discount rate used to calculate the present value of a damages award (id. at 544). Thus, SDHR did not err by adopting the total offset method to determine the value of Seabury's lost pension benefits (see Stratton v Department of Aging for City of New York, 132 F3d at 882; Picinich v United Parcel Service, 583 F Supp 2d 336, 343 n 6 [ND NY 2008]).
Petitioner's remaining contentions have been considered and found to lack merit.
Garry, P.J., McCarthy, Clark and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Contrary to petitioner's contention, the record contained evidence of Seabury's potential anticipated salary increases.