Matter of Rochester Inst. of Tech. v New York State Div. of Human Rights (2019 NY Slip Op 00770)





Matter of Rochester Inst. of Tech. v New York State Div. of Human Rights


2019 NY Slip Op 00770


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND NEMOYER, JJ.


1230 TP 18-00920

[*1]IN THE MATTER OF ROCHESTER INSTITUTE OF TECHNOLOGY, PETITIONER-RESPONDENT,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS, RESPONDENT-PETITIONER, AND EILEEN LIEB, RESPONDENT. 






THE WOLFORD LAW FIRM, LLP, ROCHESTER (MARY E. SHEPARD OF COUNSEL), FOR PETITIONER-RESPONDENT. 
CAROLINE J. DOWNEY, GENERAL COUNSEL, BRONX (AARON M. WOSKOFF OF COUNSEL), FOR RESPONDENT-PETITIONER.


 Proceeding pursuant to CPLR article 78 and Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Ann Marie Taddeo, J.], entered February 22, 2016) to review a determination of respondent-petitioner New York State Division of Human Rights. The determination found that petitioner-respondent had unlawfully discriminated against respondent Eileen Lieb on the basis of her disability. 
It is hereby ORDERED that the determination is unanimously confirmed without costs, the petition is dismissed, the cross petition is granted insofar as it seeks confirmation of the determination, and petitioner-respondent is directed to pay to the Comptroller of the State of New York the sum of $5,000 for a civil fine and penalty, with interest at the rate of 9% per annum commencing October 15, 2015.
Memorandum: Petitioner-respondent (petitioner) commenced this proceeding pursuant to CPLR article 78 and Executive Law § 298 seeking to annul the determination of respondent-petitioner New York State Division of Human Rights (SDHR) that assessed a $5,000 civil penalty, with statutory interest accruing from the date of SDHR's final determination, October 15, 2015, based on an adjudication that petitioner subjected respondent Eileen Lieb to discrimination on the basis of disability by improperly prorating her pay increase because she had previously been out of work on disability leave. SDHR filed a cross petition seeking to confirm and enforce the determination.
Initially, we note that this matter was properly transferred to us from Supreme Court pursuant to CPLR 7804 (g) because it initially involved a substantial evidence question as specified by CPLR 7803 (4). The parties subsequently settled with respect to the substantial evidence question, however, leaving only petitioner's challenge to the civil penalty. Although there is no remaining substantial evidence question, we address the merits of the issue raised by petitioner in the interest of judicial economy (see Matter of Panek v Bennett, 38 AD3d 1251, 1252 [4th Dept 2007]).
We reject petitioner's contention that SDHR's imposition of a civil penalty was excessive and arbitrary and capricious. It is well settled that "[j]udicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law . . . [A] penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], rearg denied 96 NY2d 854 [2001]; see Matter of Stellar Dental Mgt. LLC v New York State Div. of Human Rights, 162 [*2]AD3d 1655, 1658 [4th Dept 2018]). Here, SDHR's award of a civil fine and penalty of $5,000 is not shocking to our sense of fairness (see Matter of County of Erie v New York State Div. of Human Rights, 121 AD3d 1564, 1566 [4th Dept 2014]).
We further reject petitioner's contention that we should toll the statutory interest on the civil fine and penalty that was provided in the determination. Although petitioner contends that allowing interest to accrue from the date of SDHR's final determination would penalize petitioner for SDHR's delay in filing the administrative record, "interest is not a penalty," and instead "represents the cost of having the use of another person's money for a specified period" (Matter of Aurecchione v New York State Div. of Human Rights, 98 NY2d 21, 27 [2002] [internal quotation marks omitted]). Thus, petitioner, " who has actually had the use of the money, has presumably used the money to its benefit and, consequently, has realized some profit, tangible or otherwise, from having it in hand' " (id., quoting Love v State of New York, 78 NY2d 540, 545 [1991]). Consequently, statutory interest on the $5,000 civil penalty shall accrue, as provided in the determination, from October 15, 2015.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court