Verizon N.Y., Inc. v Supervisor of Town of Hempstead (2020 NY Slip Op 08102)





Verizon N.Y., Inc. v Supervisor of Town of Hempstead


2020 NY Slip Op 08102


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-07225
 (Index No. 6101/11)

[*1]Verizon New York, Inc., et al., appellant-respondent,
v
Supervisor of Town of Hempstead, et al., respondents-appellants (and a third-party action).


Cullen and Dykman LLP, Garden City, NY (Karen I. Levin, Jennifer A. McLaughlin, and Ariel E. Ronneburger of counsel), for appellant-respondent.
Jaspan Schlesinger LLP, Garden City, NY (Andrew M. Mahony and Christopher E. Vatter of counsel), for respondents-appellants.



DECISION & ORDER
In a consolidated action, inter alia, for a judgment declaring that the imposition of special ad valorem levies for garbage and refuse collection services against certain "mass" properties owned by the plaintiff is illegal and void, the plaintiff appeals, and the defendants cross-appeal, from a judgment of the Supreme Court, Nassau County (Anthony F. Marano, J.), entered May 9, 2017. The judgment, after a hearing, insofar as appealed from, awarded the plaintiff prejudgment interest at the rate of only 5.76% annually. The judgment, insofar as cross-appealed from, awarded the plaintiff prejudgment interest at the rate of 5.76% annually.
ORDERED that the judgment is reversed insofar as appealed from, on the law, and the plaintiff is awarded prejudgment interest at the statutory rate of 9% annually; and it is further,
ORDERED that the judgment is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Under New York law, an award of interest is "'purely a creature of statute'" (Manufacturer's & Traders Trust Co. v Reliance Ins. Co., 8 NY3d 583, 588, quoting Matter of Bello v Roswell Park Cancer Inst., 5 NY3d 170, 172; see New York State Thruway Auth. v Hurd, 25 NY2d 150, 158; Mahoney v Brockbank, 142 AD3d 200, 202). Pursuant to General Municipal Law § 3-a(1), prejudgment interest on an award against a municipality is limited to a maximum of 9% (see Rodriguez v New York City Hous. Auth., 91 NY2d 76, 80; Millenium Envtl., Inc. v City of Long Beach of State of N.Y., 35 AD3d 408, 411-412).
To rebut the presumption of reasonableness accorded to the maximum rate set forth in General Municipal Law § 3-a(1), a municipal defendant must demonstrate, by substantial evidence, that rates of return on both public and private investments during the relevant period are below 9% (see Denio v State of New York,7 NY3d 159, 168; Abiele Contr. v New York City School Constr. Auth., 6 AD3d 366, 367). Once the presumption has been rebutted, the judgment creditor [*2]has the burden of coming forward with evidence tending to show that a higher rate, up to the statutory maximum, is reasonable (see Denio v State of New York,7 NY3d at 168). The court must then weigh the evidence and exercise its discretion in determining an appropriate rate of interest (see id.). Although the amount of interest to be awarded is a judicial question, the rate fixed by the legislature is presumptively reasonable (see id. at 166; Matter of Metropolitan Transp. Auth. v American Pen Corp., 94 NY2d 154, 158; Rodriguez v New York City Hous. Auth., 91 NY2d at 79).
"'[I]nterest is not a punishment arbitrarily levied upon a culpable party. Instead, an award of interest is simply a means of indemnifying an aggrieved person. It represents the cost of having the use of another person's money for a specified period'" (Mohassel v Fenwick, 5 NY3d 44, 51, quoting Matter of Aurecchione v New York State Div. of Human Rights, 98 NY2d 21, 27; see Toledo v Iglesia Ni Christo, 18 NY3d 363, 369; Denio v State of New York,7 NY3d at 167). Concomitantly, the defendant "'has presumably used the money to its benefit and, consequently, has realized some profit, tangible or otherwise, from having it in hand during the pendency of the litigation. There is thus nothing unfair about requiring the [defendant] to pay over this "profit" in the form of interest to the . . . party who was entitled to the funds from the date . . . liability was fixed'" (Mohassel v Fenwick, 5 NY3d at 52, quoting Love v State of New York, 78 NY2d 540, 545; see Matter of Aurecchione v New York State Div. of Human Rights, 98 NY2d at 27). "This rationale applies regardless of whether the delay was attributable to the party who had use of the money" (Mohassel v Fenwick, 5 NY3d at 52; see Manufacturer's & Traders Trust Co. v Reliance Ins. Co., 8 NY3d at 589).
We agree with the Supreme Court that Denio v State of New York is the controlling authority when a court is asked to assess the appropriate interest rate to be awarded against a municipality. Denio directs trial judges to "examine 'all reasonable investment possibilities during the relevant time period,' including both private and public securities, in determining whether to apply a rate less than the ceiling rate" (Denio v State of New York, 7 NY3d at 167, quoting Auer v State of New York, 283 AD2d 122, 126).
While we also agree with the Supreme Court that there was no authority supporting the defendants' position that the court should look to plaintiff's actual investments in determining the applicable interest rate, we disagree with the court's acceptance of the defendants' contention that a portfolio composed of equal percentages of treasury bills, treasury bonds, and stocks, yielding a rate of 5.76% over the relevant time period, was "the ideal balanced investment portfolio." Contrary to the court's determination, the defendants failed to offer any evidence demonstrating that this was a reasonable investment strategy. Moreover, the defendants' proposed portfolio did not represent "a full spectrum of investments—both public and private" (Denio v State of New York, 7 NY3d at 167). Thus, the defendants failed to meet their burden to demonstrate, by substantial evidence, that a rate lower than the statutory rate was reasonable (see id. at 168; Abiele Contr. v New York City School Constr. Auth., 6 AD3d at 367), and the burden did not shift to the plaintiff.
In any event, the plaintiff succeeded in demonstrating that, for the relevant time period, the statutory rate was reasonable. The plaintiff submitted evidence of portfolios that were based upon advice commonly given by investment professionals. Specifically, the plaintiff submitted evidence of one portfolio consisting of 70% equities and 30% fixed income investments, and another allocating 60% equities and 40% fixed income investments, which yielded returns of 11.09% and 10.17%, respectively, for the relevant period. It proffered further evidence of a selection of commercially available portfolios which, on average, achieved a rate of 9.36% in the relevant period.
Accordingly, the Supreme Court should have awarded the plaintiff prejudgment interest at the statutory rate of 9% annually.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court