New York Water Serv. Corp. v Supervisor of Town of Hempstead (2020 NY Slip Op 08069)





New York Water Serv. Corp. v Supervisor of Town of Hempstead


2020 NY Slip Op 08069


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-09006
 (Index No. 6348/11)

[*1]New York Water Service Corporation, appellant- respondent, 
v
Supervisor of Town of Hempstead, et al., respondents-appellants (and a third-party action).


Cullen and Dykman LLP, Garden City, NY (Jennifer A. McLaughlin, Karen I. Levin, and Ariel E. Ronneburger of counsel), for appellant-respondent.
Jaspan Schlesinger LLP, Garden City, NY (Andrew M. Mahony and Christopher E. Vatter of counsel), for respondents-appellants.



DECISION & ORDER
In a consolidated action, inter alia, for a judgment declaring that the imposition of special ad valorem levies for garbage and refuse collection services against certain "mass" properties owned by the plaintiff is illegal and void, the plaintiff appeals, and the defendants cross-appeal, from a judgment of the Supreme Court, Nassau County (Anthony F. Marano, J.), entered March 7, 2018. The judgment, after a hearing, insofar as appealed from, awarded the plaintiff prejudgment interest at the rate of only 5% annually. The judgment, insofar as cross-appealed from, awarded the plaintiff prejudgment interest at the rate of 5% annually.
ORDERED that the judgment is reversed insofar as appealed from, on the law, and the plaintiff is awarded prejudgment interest at the statutory rate of 9% annually; and it is further,
ORDERED that the judgment is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Pursuant to General Municipal Law § 3-a(1), prejudgment interest on an award against a municipality is limited to a maximum of 9% (see Rodriguez v New York City Hous. Auth., 91 NY2d 76, 80; Millenium Envtl., Inc. v City of Long Beach of State of N.Y., 35 AD3d 408, 411-412). To rebut the presumption of reasonableness accorded to the maximum rate set forth in General Municipal Law § 3-a(1), a municipal defendant must demonstrate, by substantial evidence, that rates of return on both public and private investments during the relevant period are below 9% (see Denio v State of New York,7 NY3d 159, 168; Abiele Contr. v New York City School Constr. Auth., 6 AD3d 366, 367).
Here, for reasons set forth in Verizon New York, Inc. v Supervisor of Town of Hempstead (_____ AD3d _____ [decided herewith]), the defendants failed to meet this burden. Accordingly, the Supreme Court should have awarded the plaintiff prejudgment interest at the [*2]statutory rate of 9% annually.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court