Vogel v Vogel (2021 NY Slip Op 06568)





Vogel v Vogel


2021 NY Slip Op 06568


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Kern, J.P., Gesmer, González, Shulman, Higgitt, JJ. 


Index No. 112665/08 Appeal No. 14686 Case No. 2020-04317 

[*1]Winston D. Vogel, Plaintiff-Respondent-Appellant,
v
Ruth Vogel, Also Known as Ruth Vogel Lipkis, Defendant-Appellant-Respondent.


Munzer & Saunders, LLP, New York (Craig Saunders of counsel), for appellant-respondent.
Doron Zanani, New York, for respondent-appellant.



Order, Supreme Court, New York County (Debra A. James, J.), entered May 7, 2020, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for an award of interest on $91,191.43 from March 21, 2016 and for imposition of sanctions against defendant, and awarded plaintiff interest at the statutory rate of 9% on the amount of $26,662.61 from May 7, 2019 until the date of entry of judgment, unanimously modified, on the facts, to eliminate the award of interest, and otherwise affirmed, without costs.
The court properly rejected plaintiff's claim that he was entitled to interest as if he had asserted a breach of contract claim, since he commenced this action seeking equitable relief (see CPLR 5001[a]; see also Matter of Carvel v Davis, 255 AD2d 315 [2d Dept 1998]). The court also properly denied plaintiff's request for an award of interest on the entire $91,191.43 held in escrow as of March 2016 since defendant had no use of the funds after she paid them into escrow (see Manufacturer's & Traders Trust Co. v Reliance Ins. Co., 8 NY3d 583, 589 [2007]).
In light of the unusual facts underlying this action (see Dayan v York, 51 AD3d 964, 965 [2d Dept 2008], lv dismissed 12 NY3d 839 [2009])), the court should not have directed defendant to pay interest to plaintiff on $26,662.61, representing "various fees and expenses" that the receiver had paid from the escrowed funds. Defendant relinquished all control over the funds she paid into escrow and did not direct the receiver to pay her commission and fees (see generally Manufacturer's & Traders Trust Co. v Reliance Ins. Co., supra).
The court providently denied plaintiff's motion for sanctions. As defendant did not oppose plaintiff's request for release of the funds from escrow, which required a court order (CPLR 2607), and had no obligation to agree to his additional demands, including his demand for interest on the entire amount paid into escrow, her conduct was not frivolous (see 22 NYCRR 130-1.1[c][2]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021